Highway Department — Audits — Expenses 1. The Examiner and Inspector will be paid by the Highway Department for the expense of audits in accordance with the formula provided for in 69 O.S. 315 [69-315] (1968), but not to exceed the amount paid for such service during the fiscal year ended June 30, 1968, in accordance with O.S.L. 1968, ch. 332, Section 1. 2. In computing the amount of payment under the formula set out in the amount of the warrants includes the deductions for such items as social security, retirement, and other similar payments. 3. The Highway Commission may allot and appropriate for payment of audit expense such additional sums as are necessary in addition to the amount determined in accordance with the formula set out in Section 315 but not to exceed the amount paid for such service during the fiscal year ended June 30, 1968, as provided in O.S.L. 1968, ch. 332, Section 1). The Attorney General has considered your request of recent date for an opinion on the following questions: "Question 1. Is the State Examiner and Inspector, in payment of the expenses of said Highway Department audits for this fiscal year, limited to the amount paid for such services during the fiscal year ending June 30, 1968, or is that part of Senate Bill 581 O.S.L. 1968, ch 332, Section 1 relating to appropriation for audit expense cumulative to 69 O.S.Supp. 1968 Section 315[69-315]? [69-315] Question 2. In computing the total amount expended for audit purposes for the last fiscal year, should we include the withholdings such as social security, retirement. insurance, etc.? "Question 3. If you determine that the limitations of the amount for expenses for audit set forth in said Senate Bill 581, supra, is controlling, is the Highway Commission authorized under that provision contained in said Section 315 that "if such is found to be inadequate for the purposes above set forth, then the Commission may allot and appropriate from such Fund such additional sums as may be necessary?" O.S.L. 1968, ch. 415, Section 315 (69 O.S. 315 [69-315] (1968)) passed with an emergency clause was approved by the Governor on May 2, 1968. Said Section 315 provides: "The State Examiner and Inspector shall audit the books, records and files of the Commission and the Department and shall file his report thereof not later than December 15 following the close of each fiscal year. Such audit shall be continuous in nature and shall contain a report on the several divisions and the activities thereof. The Examiner and Inspector shall make his report of such audits in quadruplicate, one copy thereof to be filed with the Governor, one copy with the State Director of Finance, one copy with the Commission, and shall retain one copy as a public record in his once. The copies shall be filed in each of such divisions as soon as they are received by them. The expenses of such audits shall be paid by the Commission out of the State Highway Construction and Maintenance Fund upon the presentation of sworn and itemized claims, which claims shall have been duly approved by the State Examiner and Inspector. A sum equivalent to one-tenth of one percent of the warrants issued during the previous fiscal year shall be allotted and appropriated annually from such Fund for the expense of this audit. If such sum is found to be inadequate for the purposes above set forth, then the Commission may allot and appropriate from such Fund such additional sums as may be necessary." (Emphasis added) Said Section 69 O.S. 315 [69-315] is identical with, and presumably replaces 69 O.S. 89 [69-89] (1961), which was expressly repealed by Section 1906 of said ch. 415. The repealer provision (Section 1906) expressly repeals many statutory provisions, and also provides: "All laws and parts of law in conflict with any of the provisions of this Act are hereby repealed, but only to the extent that the same are irreconcilable with the provisions of this Act. . . ." Section 1908 of said ch. 415 provides that the provisions of the Act do not become effective until July 1, 1968. Therefore, absent any other conflict, prior law would remain in effect until July 1, 1968. The difficulty arises due to the following language in O.S.L. 1968, ch. 332, adopted during the same session and approved May 9, 1968, with an emergency clause: Section 1: "There is hereby appropriated to the State Highway Department. . . then follows the amount appropriated, followed by a list of items for which the appropriation can be expended, concluding with and for expenses of audit as provided by law. Provided however that payment to the State Examiner and Inspector for auditing accounts of the State Highway Department shall not exceed the amount paid for such service during the fiscal year ending June 30, 1968." Section 2: "All laws or parts of laws in conflict herewith are repealed to the extent of such conflict." It is a common rule of statutory construction that repeals by implication are not favored, and the presumption generally is against repeal by implication, except where substantial repugnancy or inconsistency exists. 82 C.J.S., Statutes Section 289, pp. 487, 488. Since the Legislature reenacted 69 O.S. 89 [69-89] (1961) as 69 O.S. 315 [69-315] (1968), at the same session where O.S.L. 1968, ch. 332, Section 1 was enacted, this lends additional support to the presumption that the Legislature was cognizant of both statutory provisions, and therefore did not intend a repeal by implication. Thus, the two provisions must be reconciled to the extent possible. Said Section 315 provides for payment for the audits to be determined by the formula one-tenth of one percent of the warrants issued by the Highway Department during the previous fiscal year, which amount is to be allotted annually from the State Highway Construction and Maintenance Fund for payment. It is further provided that the Highway Commission may allot additional sums as necessary if the above discussed amount is inadequate. The appropriation in O.S.L. 1968, ch. 332, Section 1 contemplates payment for the "expenses of audit as provided by law" (presumably on the basis of said Section 315), but expressly limits the amount to be paid for the audit to "the amount paid for such service during the fiscal year ending June 30, 1968." The foregoing all considered, it is the opinion of the Attorney General that your first question be answered affirmatively, that is, the Examiner and Inspector will be paid by the Highway Department for expenses of audit in accordance with the formula provided for in O.S.L. 1968, ch. 415, Section 315 (68 O.S. 315 [68-315] (1968)) but not to exceed the amount paid for such service during the fiscal year ending June 30, 1968, in accordance with O.S.L. 1968, ch. 332, Section 1. Your second question was whether in computing the amount expended for audits during the previous fiscal year should withholdings for such items as social security, retirement, insurance, etc. be included. The pertinent statutory language from O.S.L. 1968, ch. 415, Section 315 (68 O.S.Supp. 1968, Section "A sum equal to one-tenth of one percent of the warrants issued . . . shall be allotted . . . for the expense of this audit. . . ." The Legislature, in establishing the above formula did not distinguish between warrants for such items as materials or supplies, where there would probably be only a single amount indicated, and salary warrants, where deductions are made from a gross amount resulting in a "net" immediate payment of a lesser amount to an employee. It follows that had the intent been to use only the "net" amount the Legislature would have so stated. The logically obvious intent was to base the formula for payment of the audit expense upon expenditures of the Department, as reflected by the amounts of the warrants. If the Legislature had intended the mentioned deductions from payroll warrants not to be included, it would have so expressly indicated. There is a legal presumption that the Legislature has expressed its intent in a statute, and that it intended only that which it expressed and nothing more. Stemmons Inc. v. Universal C.I.T. Credit Corp., Okl., 301 P.2d 212 (1956). The Attorney General therefore is of the opinion that your second question be answered affirmatively, that is, in computing the amount of payment under the formula set out in said Section 315, the amount of the warrants includes the deductions for such items as social security, retirement, insurance, and other similar payments. Directing attention to your third question concerning the provisions of said Section 315, and O S.L. 1968, ch. 332, Section 1, with respect to the amount to be paid for the audits, the discussion in answer to your first question is determinative. The opinion of the Attorney General is that the Commission may allot and appropriate for payment of audit expenses such additional sums as are necessary in addition to the amount determined in accordance with the formula set out in O.S.L. 1968, ch. 415, Section 315 (69 O.S. 315 [69-315] (1968)) but not to exceed the amount paid for such service during the fiscal year ending June 30, 1968, as provided in O.S.L. 1968, ch. 332, Section 1. (Dell Gordon)